IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FRANCIS JOHN DURKEY, | ) | |
|---|---|---|
| | ) | 2:17cv317 |
| Plaintiff, | ) | Electronic Mail |
| | ) | |
| v. | ) | District Judge David Stewart Cercone |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| PACIFIC LIFE INSURANCE CO., *et al.*, | ) | |
| | ) | ECF Nos. 5 & 13 |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM ORDER

The Complaint in the above captioned case was filed in the Court of Common Pleas of Allegheny County, Pennsylvania on or about February 6, 2017. Subsequently, this action was removed to this Court by Defendants on March 10, 2017, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 19), filed on August 4, 2017, recommended that the Motions to Dismiss filed by Defendants Pacific Life Insurance Company (ECF No. 5) and Irwin A. Klein (ECF No. 13) be granted in part and denied in part. The Report and Recommendation recommended that Defendants' motions to dismiss be denied as to Plaintiff's claims for negligent misrepresentation (Count I), breach of fiduciary duty (Count IV), negligent supervision (Count V), and his claim pursuant to the UTPCPL (Count III). The Report and Recommendation further recommended that Defendants' motions to dismiss be granted with respect to Plaintiff's claim for fraudulent misrepresentation (Count II) and that

claim be dismissed with prejudice. Service was made on all counsel of record via CM/ECF. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections. Plaintiff and Pacific Life Insurance Company filed timely objections to the Report and Recommendation (ECF Nos. 20 & 21). Pacific Life filed a Response in Opposition to Plaintiff's Objections to the Report and Recommendation (ECF No 22) on September 2, 2017. Plaintiff filed a Response in Opposition to Pacific Life's Objections to the Report and Recommendation (ECF No. 23) on September 5, 2017.

While each of the Objections filed by the parties lacks merit, Plaintiff's Objection to the Magistrate Judge's dismissal of his fraudulent misrepresentation claim warrants brief discussion. In her Report, the Magistrate Judge correctly observed that claims for intentional misrepresentation are generally preempted by the economic loss rule except where the defendant fraudulently induces the plaintiff to enter into a contract. (ECF No. 19 at 9.) The Magistrate Judge concluded that Plaintiff's claim did not fall within this exception because the allegedly fraudulent statements by the Defendants were directly related to "the terms and conditions of the [insurance] policy and the parties' expected performance pursuant to that agreement." (Id. at 11). Plaintiff now contends that the Magistrate Judge should have analyzed his claim as one for fraud in the execution, rather than fraud in the inducement. (ECF No. 20).

Plaintiff's Objection strikes the Court as a belated attempt to alter his strategy for the express purpose of evading the Magistrate Judge's well-reasoned conclusion. As noted by Defendants, Plaintiff's own Complaint clearly asserts that Defendants made representations "with the intent to deceive and defraud the Plaintiff by *inducing* [him] to purchase life

2

insurance[.]" (ECF No. 1-2 ¶ 156) (emphasis added). See also ECF No. 1-2 ¶ 162 ("Defendants intentionally made the false statements and representations . . . for the purpose of deceiving the Plaintiff and *inducing* Plaintiff to purchase an underfunded life insurance policy.") (emphasis added). Neither the Complaint nor Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss (ECF No. 10) contain any indication that Plaintiff intended to assert a claim for fraud in the execution. Moreover, while Plaintiff cites several cases discussing the difference between a claim for fraudulent inducement and one for fraud in the execution in the context of the parole evidence rule, he has not cited any case law drawing that same distinction for purposes of the economic loss doctrine. (See ECF No. 20.) For each of these reasons, the Court concludes that his Objection is meritless.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation, the objections thereto and responses to the objections, the following Order is entered:

**AND NOW**, this 18 day of September, 2017,

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed by Defendants Pacific Life Insurance Company (ECF No. 5) and Irwin A. Klein (ECF No. 13) be **GRANTED IN PART AND DENIED IN PART**. Defendants' motions to dismiss are **DENIED** as to Plaintiff's claims for negligent misrepresentation (Count I), breach of fiduciary duty (Count IV), negligent supervision (Count V), and his claim pursuant to the UTPCPL (Count III). Defendants' motions to dismiss are **GRANTED** with respect to Plaintiff's claim for fraudulent misrepresentation (Count II) and that claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 19) of Magistrate Judge Lenihan, dated August 4, 2017, is adopted as the opinion of the Court.

_____
David Stewart Cercone
United States District Judge

cc: Honorable Lisa Pupo Lenihan
      United States Magistrate Judge
Kenneth R. Behrend, Esquire
Jason P. Gosselin, Esquire
Ronald J. Mancuso, Esquire
Stanley W. Greenfield, Esquire

(*Via CM/ECF Electronic Mail*)